[No. 10,573.—In Bank.]
January 18, 1881.

## THE PEOPLE *v.* AH LUCK ET AL.

| 62 | 503 |
|----|-----|
| 105 | 458 |

MURDER—CAUSE OF DEATH—EVIDENCE—INSTRUCTION.—Upon the trial of an indictment for murder, the evidence showed that the deceased was shot and cut by some sharp instrument upon a bridge crossing the Truckee River, and thrown into the river; and a physician testified that certain of the wounds would necessarily produce death; but whether the deceased was dead when he was thrown into the river, or that his death was not caused by drowning, he could not state. Upon this evidence the Court instructed the jury, that "if from the evidence the jury find that the mediate cause of the death of Ah Gow was the wounds inflicted upon him by the defendants, then the fact that he was thrown into the water after the infliction of such wounds is of no consequence;" and it was claimed that this instruction conflicted with other instructions given to the jury, to the effect that if the jury were in doubt as to whether the death was caused by the wounds, or by injuries received in the fall from the bridge, or by drowning, they should acquit; that to convict, even if the wounds inflicted while on the bridge were mortal, they must still be satisfied beyond all doubt that his death was not caused either by drowning or by the fall from the bridge; and unless so satisfied they should acquit.

*Held:* The evidence justified the jury in finding the defendants guilty as charged; and there was no substantial conflict in the instructions to their prejudice, whatever criticism may arise from the use of the word "mediate."

APPEAL from a judgment of conviction, and from an order denying a new trial, in the Superior Court of the County of Nevada. CALDWELL, J.

*George S. Hupp* and *H. V. Reardon,* for Appellants.

*A. L. Hart,* Attorney General, for Respondent.

MYRICK, J.:

The defendants were indicted for the murder of one Ah Gow; and the defendants Ah Luck, On Gue, and Ah Sing were convicted of murder in the first degree, the punishment of the first being death, and of the others of imprisonment for life.

1. The defendants allege that the evidence was not sufficient to justify the verdict, in that the evidence does not show that death resulted from wounds inflicted by the defendants, but might have been from drowning. The circumstances were, that deceased was shot, and was cut by some sharp instrument, upon a bridge crossing the Truckee River, at Truckee, and the body, alive or dead, thrown into the river. Dr. Curless, a physician called for the prosecution, testified that certain of the wounds found by him upon the body of Ah Gow would necessarily produce death; but whether Ah Gow was dead when he was thrown into the river, or that his death was not caused by drowning, he could not state, for the reason that in the *post mortem* examination made by him he did not open the body, and therefore could not have examined the heart and lungs, which was necessary to do in order to ascertain with any degree of certainty whether death did or did not result from drowning.

2. It is also urged that the Court erred in giving the following instruction, viz.: "If from the evidence the jury find that the mediate cause of the death of Ah Gow was the wounds inflicted upon him by the defendants, then the fact that he was thrown into the water after the infliction of such wounds is of no consequence; it being claimed to conflict with and nullify other instructions given, in substance, as follows: If the jury believe that cuts were inflicted upon deceased by defendants, and he was then thrown into the

river where he was found dead, and are yet in doubt as to whether the death was caused by the wounds or by injuries received in the fall from the bridge, or by drowning, they should find a verdict of not guilty; that to convict they must be satisfied beyond all doubt that the deceased came to his death by wounds and injuries inflicted upon him by the defendants before he was thrown into the river; that if the wounds inflicted while on the bridge were mortal, they must still be satisfied beyond all doubt that his death was not caused either by drowning or by the fall from the bridge, and unless they are so satisfied they should find a verdict of not guilty; that in order to convict the defendants, the jury must be as well satisfied that the deceased did not come to his death by the fall or by drowning as they are that he was found dead.

There was evidence tending to show that the deceased came to his death from the wounds inflicted by the defendants, and that evidence was plainly submitted to the jury under instructions as favorable to the defendants as they had the right to ask—perhaps more favorable.  There was no substantial conflict in the instructions to the prejudice of defendants, whatever criticism may arise from the use of the word "mediate."  It is true, as urged by counsel, that people can not conjecture as to the mode of death, on the trial of a capital case; but we apprehend from the testimony in this case, that the jury were not practically called upon to rely upon conjecture or indulge in fanciful suppositions as to the cause of the death of the deceased.  We think the evidence fully justified the jury in finding the defendants guilty as charged.

Judgments and orders affirmed.

SHARPSTEIN, ROSS, and McKINSTRY, JJ., concurred.