[No. 15525.    Department One.—January 5, 1895.]

W. E. DENNISON, RESPONDENT, *v.* E. W. CHAPMAN, APPELLANT.

PLEADING — SUFFICIENCY OF COMPLAINT — WAIVER OF TECHNICAL OBJEC-TIONS.—Where no demurrer is interposed to the complaint, all merely technical objections thereto are waived.

ID.—PRAYER OF COMPLAINT—RELIEF UNDER ISSUES.—Where there is an answer to the complaint the court may grant the plaintiff any relief consistent with the case made by the complaint and embraced within the issues, although not specifically prayed for.

ID.—PRAYER IN REPLEVIN—SHARES OF STOCK—ISSUE AS TO DAMAGES.— Where the prayer of the complaint is for a judgment against the defendant for the possession of certain shares of mining stock, or their value in a specified sum in the event possession cannot be had, the fact that plaintiff is not entitled to a judgment in replevin for the stock is immaterial, if the complaint sets out facts showing that he was entitled to the stock under an executory contract with the defendant, that he had demanded it, and defendant had refused to deliver it, and that by such refusal the plaintiff was damaged in a specified sum, upon which defendant joins issue; and the plaintiff is entitled to recover the damages alleged irrespective of the prayer of the complaint, provided the evidence is sufficient to uphold the complaint.

ID.—CONTRACT FOR PURCHASE OF MINES—PURCHASE OF STOCK.—Where a contract between the plaintiff and defendant, respecting the purchase of a mine, provided that, in case the mine specified should not be pur-chased, the agreement should extend and apply to any other mine or mines that might be obtained by the defendant, it appearing that one-half of another mine was in effect purchased by the defendant, and, in order to carry out the contract of purchase, a corporation was formed to which the mine was conveyed, and the stock issued to the several parties in proportion to their interest, such purchase is in effect the

105  447
110  462
105  447
f130 267

purchase of a mine, or of an interest therein, by the defendant, if done under and in pursuance of the contract and acquiesced in by the parties, and is as binding upon them as though the fee to the mine had been conveyed directly to the defendant; and it is not necessary that there should be any new or additional contract in regard to the stock thus obtained in pursuance of the original agreement.

Id.—PURCHASE OF LESS THAN WHOLE MINE—OBLIGATION OF DEFENDANT.— Although the plaintiff might, under the contract, have insisted that the defendant purchase the whole mine and obtain the legal title thereto, yet, if instead thereof, defendant under the contract purchased a less interest in the mine, the ownership of which was evidenced, not by the legal title, but by certificates of stock, showing a beneficial interest, and plaintiff accepted such purchase as a fulfillment of the contract, it does not lie with the defendant to complain, or to evade his obligation because of his not complying more strictly with the contract.

Id.—PURCHASE AT PRICE MUTUALLY SATISFACTORY—PLEADING.—Where the contract provides that the purchase of a mine is to be at a price mutually satisfactory to the parties a complaint alleging that the purchase by the defendant of the stock and interest in the mine and mining property was made under and in pursuance of and in accordance with the agreement set forth in the complaint, and further avers that, in pursuance of the agreement, plaintiff and defendant immediately began to operate the mine, sufficiently shows that the price was mutually satisfactory to the parties, in the absence of a special demurrer.

Id.—APPEAL—REVIEW OF CONFLICTING INSTRUCTIONS.—In case of a conflict in instructions, where the erroneous instruction is in favor of the appellant, and was given at his request, the conflict cannot operate injuriously to the appellant, and is not ground of reversal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the opinion.

*Maxwell, Dorsey & Soto,* and *Maxwell & McEnerney,* for Appellant.

The complaint, so far as it relates to the stock, sounds in replevin, which does not lie upon an unexecuted agreement for the purchase and sale of personal property, the proper action in such a case being one for damages occasioned by the breach. (*Low* v. *Freeman,* 12 Ill. 467; *Haverstick* v. *Fergus,* 71 Ill. 105; Cobbey on Replevin, sec. 124, and cases cited.) The prayer of the complaint is significant, and characterizes the complaint as one in replevin to recover the possession of

specific mining stock, or its value in case a delivery cannot be had. (*Harral* v. *Gray*, 10 Neb. 186; *Nevada County etc. Co.* v. *Kidd*, 37 Cal. 304; *Arrington* v. *Liscom*, 34 Cal. 371; 94 Am. Dec. 722; *People* v. *Mier*, 24 Cal. 61; *Brooks* v. *Carpentier*, 53 Cal. 287, 288.) Inasmuch as the theory of the case, evinced by the scope of the complaint coupled with its prayer, by the treatment of the case at trial by the parties and by the court, was that of a case in replevin in so far as mining stock was involved, the respondent cannot now enter that theory to the disadvantage of the appellant. (*Baker* v. *Ludlam*, 118 Ind. 87; *Richmond etc. R. R. Co.* v. *Farmer*, 97 Ala. 141; *Sumner* v. *Rogers*, 90 Mo. 324; *Dayton* v. *Parke*, 142 N. Y. 391; *Ætna Powder Co.* v. *Hildebrand* (Ind., April 17, 1894), 37 N. E. Rep. 136, 139, 140; *Kirsch* v. *Kirsch*, 83 Cal. 633, 635; *In re Doyle*, 73 Cal, 564, 569; *Hiatt* v. *Board of Trustees*, 65 Cal. 481; *Crowley* v. *City R. R. Co.*, 60 Cal. 628, 630; *Spiers* v. *Duane*, 54 Cal. 176; *Cave* v. *Crafts*, 53 Cal. 135, 141; *Tynan* v. *Walker*, 35 Cal. 645; 95 Am. Dec. 152; *Van Maren* v. *Johnson*, 15 Cal. 308, 313.) To permit the respondent now to change base, and claim that his action is one merely to recover damages for breach of contract, would be to allow him to gain an unfair advantage over the appellant, without having afforded the latter the opportunity of defending the action on that theory. (*Reed* v. *Norton*, 99 Cal. 617, 619, 620; *Carpentier* v. *Small*, 35 Cal. 346, 362, 363; *Hartson* v. *Hardin*, 40 Cal. 264, 267.) The contract set out in the complaint does not support the case made by the complaint, nor that shown by the evidence, in so far as it affects the mining stock, as the contract provided for the purchase of a mine, real estate, and the purchase of mining stock, personal property, was not a purchase in pursuance of the contract. The allegations in the complaint in that respect are mere conclusions of law, and therefore utterly immaterial. (*Branham* v. *San Jose*, 24 Cal. 585, 602; *Hedges* v. *Dam*, 72 Cal. 520, 522; *Ohm* v. *San Francisco*, 92 Cal. 437, 449, 450; *Pennie* v. *Reis*, 132 U. S. 464, 469, 470; *United States* v. *Ames*, 99 U. S. 35, 45, 46;

*Dillon* v. *Barnard*, 21 Wall. 430, 437, 438; *Avery* v. *Dougherty*, 102 Ind. 443; 52 Am. Rep. 680; *Beham* v. *Ghio*, 75 Tex. 87; *M. & I. S. Ry. Co.* v. *Hiams*, 53 Iowa, 501; *State* v. *Egerer*, 55 Wis. 527; *Price* v. *Doyle*, 34 Minn. 400.) If there was any modification of the original contract between the appellant and the respondent the complaint should have shown in what respect the change was made. (*Daley* v. *Russ*, 86 Cal. 114, 116, 117, and cases there cited; *O'Connor* v. *Dingley*, 26 Cal. 11, 21; *Evarts* v. *Smucker*, 19 Neb. 43; *Lanitz* v. *King*, 93 Mo. 519; *Kirchner* v. *Laughlin*, 4 N. Mex. 218; *Smith* v. *Brown*, 17 Barb. 431.) A party cannot recover upon a cause of action not stated, and that facts outside of the issues made cannot warrant any relief to the party proving them, are principles too well established. (*Reed* v. *Norton*, 99 Cal. 617, 619, 620; *Bryan* v. *Tormey*, 84 Cal. 126; *Weinreich* v. *Johnston*, 78 Cal. 254, 257; *Burke* v. *Levy*, 68 Cal. 32; *Hicks* v. *Murray*, 43 Cal. 515, 522; *Gregory* v. *Nelson*, 41 Cal. 278, 284; *Morenhaut* v. *Barron*, 42 Cal. 591, 605; *Devoe* v. *Devoe*, 51 Cal. 543, 545; *Green* v. *Chandler*, 54 Cal. 626–28; *Ortega* v. *Cordero*, 88 Cal. 221, 225, 226.)

*George A. Rankin*, for Respondent.

SEARLS, C.—This is an action by W. E. Dennison, the respondent, against E. W. Chapman, the appellant, upon an alleged breach of a contract by which the defendant agreed to purchase a mine for the joint benefit of plaintiff and defendant.

Plaintiff had a verdict and judgment for thirteen hundred and twelve dollars and fifty cents and costs. The appeal is from the final judgment and from an order denying defendant's motion for a new trial.

On the second day of September, 1889, plaintiff and defendant entered into a written contract, by the terms of which defendant agreed (provided the purchase could be made at a price satisfactory to the parties respectively) to purchase, within thirty days from the date of

the agreement, the Rumfeldt Hydraulic Mine, situate in the county of Trinity, California.

Upon such purchase being made the plaintiff was to be placed in charge as superintendent for a term of one year at a monthly salary of one hundred and fifty dollars.

Defendant was for the period of one year to reserve and carry for the plaintiff a one-fourth interest in the mine, and at or before the expiration of the year to give plaintiff a clear title to such one-fourth interest at cost price thereof up to the time of conveyance, the defendant to be paid such cost price out of the proceeds of the mine.   Defendant was to furnish plaintiff suitable quarters for himself and family.

The agreement was to be a full settlement of all accounts between the parties up to the date of its execution, and five hundred dollars paid by defendant to the plaintiff on the execution of the agreement was to be considered as an advance on account of salary.

Omitting some minor provisions of the agreement, not essential to present purposes, it contains this further clause: " It is further mutually agreed by the parties herein, respectively, that should the said Rumfeldt mine be not purchased, then this agreement shall extend and apply to any other mine or mines that may be obtained by the said party of the first part at prices mutually satisfactory to the parties hereto within ninety (90) days from the date of this agreement."

The Rumfeldt mine, upon examination, proved unsatisfactory, and was not purchased.   There was in El Dorado county, California, a gold-bearing quartz mine known as the "Taylor mine," owned by E. S. Chester and W. E. Straut, who, with defendant and some others, organized a corporation under the name of the Idlewild Gold Mining Company, to which corporation the Taylor mine was conveyed.

On the ninth day of October, 1889, said Chester and Straut, as parties of the first part, entered into an agreement with defendant and his brother, W. S. Chapman,

which recited that there were one hundred thousand shares of the capital stock of the Idlewild Gold Mining Company, all of which were owned by the parties of the first part, of which they sold one-half, or fifty thousand shares, to the Chapmans for fifty-five thousand dollars, to be paid as follows: Five thousand dollars within sixty days, and the residue (less one-half of the expense · of building a mill, or altering and adding to the capacity of a mill on the mine, and other specified improvements to be placed thereon by the said Chapmans within ninety days) in three equal installments, at twelve, fifteen, and eighteen months, respectively, etc.

All the profits and dividends on the fifty thousand shares of stock sold were to go to the parties of the first part until they were fully paid, and the fifty thousand shares of stock was to be issued in the names of the Chapmans, and deposited in escrow, to be held until payments were all made, and then delivered to the parties of the second part, the said Chapmans, of whom defendant was one.

The complaint avers that the purchase by defendant of such interest in the Taylor mine was made under and pursuant to their agreement, that plaintiff and defendant began to operate the mine, that plaintiff continued to operate and superintend the mine, as per his agreement, and on his part performed all his obligations under the contract, that defendant failed to furnish any quarters for plaintiff and his family, and on the first day of October, 1890, defendant discharged him and refused to deliver to him any share of the stock, etc.

The answer denies that the purchase of stock in the Idlewild Gold Mining Company by defendent was made under, or pursuant, or in fulfillment of his agreement with the plaintiff, or that plaintiff was ever superintendent of said mine, etc.

The complaint averred the value of twelve thousand five hundred shares of stock to which he was entitled to be sixty-two thousand five hundred dollars; by an amendment thereto it was averred that, by reason of

defendant's failure to deliver to plaintiff said shares of stock, he was damaged in the sum of sixty-two thousand four hundred dollars.

The complaint averred that W. S. Chapman was only a nominal party to the purchase of the stock, that defendant really owned the whole fifty thousand shares purchased, and that plaintiff was entitled to one-fourth part thereof.

This was denied by the answer, and it may be remarked here that the uncontradicted evidence showed defendant to be the owner of only one-half of the purchase, or of twenty-five thousand shares of the stock. It followed that if plaintiff was entitled to recover, it was for one-fourth part of defendant's purchase, equal to six thousand two hundred and fifty shares. The shares were admitted by the answer to be worth two dollars each.

Appellant urges certain objections to the complaint, viz: 1. That so far as it relates to the stock it sounds in replevin, which does not lie upon an unexecuted agreement for the purchase and sale of personal property; 2. That the contract of September 2, 1889, never became operative, for the reason that no purchase of a mine ever occurred; 3. That there is no allegation in the complaint that the Idlewild stock was purchased at prices mutually satisfactory.

There was no demurrer interposed to the complaint. It follows, therefore, that all merely technical objections are waived, and we have only to determine whether the complaint states facts sufficient to constitute a cause of action.

The prayer of the complaint was for judgment against defendant for the possession of the shares of stock, or their value in the event possession cannot be had, in the sum of, etc.

Where, as in this case, there is an answer to the complaint, the court may grant the plaintiff any relief consistent with the case made by the complaint and embraced within the issue. (Code Civ. Proc., sec. 580.)

The complaint, as amended, after setting out facts showing that he was entitled to the stock under the contract, that he had demanded it, and defendant had refused to deliver, averred in apt terms that by such refusal he was damaged in the sum of sixty-two thousand four hundred dollars. These facts were within the issues, and entitled plaintiff to such judgment as he. recovered, irrespective of the prayer of the complaint, provided, always, the evidence was sufficient to uphold it.

As to the contention that the contract never became operative, for the reason that no mine was ever purchased by defendant, we have only to turn to the complaint to see that it is charged that under the contract one-half of the Taylor mine was in effect purchased, and that the better to carry out the contract of purchase a corporation was formed, to which the mine was conveyed, and the stock issued to the several parties in proportion to their interest, all of which appears from the contract (Exhibit A), made a part of the complaint.

This was in effect, although not literally, the purchase of a mine, or of an interest therein. If done under and in pursuance of the contract, and acquiesced in by the parties, it was as binding upon them as though the fee to the mine had been conveyed directly to the defendant.

If A agrees to purchase for B one thousand bushels of wheat, at a given price per bushel, but only succeeds in purchasing one-half of that quantity, B is not bound to accept it under the contract; but if he does so, he must pay for it, and most certainly A could not afterward object that the contract did not bind him.

In the present instance plaintiff, under the contract, might have insisted that an entire mine should be purchased, and that the legal title should pass to defendant, but if, instead thereof, defendant, under the contract, purchased, not the whole, but a one-fourth, interest in a mine, the ownership of which was evidenced, not by the legal title, but by certificates of stock showing a

beneficial interest, and plaintiff saw fit to accept, and did accept, it in fulfillment of the contract, it does not lie with defendant to complain, or to evade his obligation because he has not complied more strictly with his contract.

The complaint does not, in precise language, aver that the stock was purchased " at prices mutually satisfactory to the parties," as expressed in the agreement.

It does, however, charge " that the purchase by the defendant of said stock and said interest in said mine and mining property was made under and in pursuance of and in accordance with the agreement between the plaintiff and defendant, as set forth in paragraph 1 of this complaint." If made in accordance with that agreement it must have been at a price mutually satisfactory to the parties.

It further charges that in pursuance of the agreement plaintiff and defendant immediately began to operate said mine. These and other allegations indicate that the price was satisfactory to plaintiff, as the fact of purchase indicates it was to defendant, and, in the absence of a special demurrer, was sufficient.

There was evidence sufficient to support the verdict. To comment upon it at length would be productive of no good results. It was conflicting upon the vital question as to whether the purchase of the stock in the Taylor mine was made pursuant to the contract, and for the joint benefit of plaintiff and defendant, as in the contract provided, or independent of that contract, and, unless some error of law has intervened fatal to the verdict, it must stand.

By far the most serious question involved in the case arises under the instructions of the court to the jury.

The fourth and sixth instructions given to the jury at the request of plaintiff are as follows:

" 4. It is admitted that the defendant, Chapman, did not purchase the whole of the Taylor mine or of the stock of the Idlewild Gold Mining Company. It is claimed by Dennison that Chapman purchased one-half of the stock

of said company, and it is admitted by Chapman that he purchased one-fourth of the stock. You are instructed that Dennison's rights or interests in any mine obtained by Chapman within ninety days from the date of the agreement did not depend upon Chapman's obtaining the whole mine. Chapman could not defeat Dennison's rights by purchasing only an interest, be it half or quarter, in a mine. If the interest, whatever amount it was, was purchased in pursuance with the agreement between Dennison and Chapman, then Dennison was entitled to one-fourth of Chapman's interest, whatever that might be."

"6. As before stated to you, Dennison claims in the complaint that Chapman bought fifty thousand shares of the capital stock of the Idlewild Gold Mining Company, and that while twenty-five thousand shares were taken in his brother's name, his brother was but the nominal owner of it. It is admitted by the defendant, Chapman, that he bought twenty-five thousand shares. If you find from the evidence that the defendant, Chapman, entered into that mining venture, and purchased the stock in pursuance with the agreement between himself and Dennison, then you are instructed that Dennison would be entitled to at least one-fourth of twenty-five thousand shares of the stock of the said Idlewild Gold Mining Company; that is to say, he would be entitled to six thousand two hundred and fifty shares. It is admitted by Chapman that this stock is of the value of two dollars per share or twelve thousand five hundred dollars in all."

The court also gave the second instruction asked by the defendant, which is as follows: " I instruct you that, upon the written contract contained in this complaint, the plaintiff is not entitled to recover any thing for the Idlewild stock, unless there was some other and a further agreement between them by which the plaintiff would be entitled to the stock. In other words, the contract of September 2, 1889, contemplated the purchase of a mine, and does not apply to and is not applicable

to the purchase of these shares of stock. Therefore, unless you are satisfied by a preponderance of evidence that there was another and different agreement entered into between the plaintiff and the defendant in addition to the contract of September 2, 1889, it will be your duty to find that the plaintiff has not been damaged in any sum or amount whatever by reason of the failure of the defendant to deliver to him shares of the Idlewild stock."

It is quite apparent that there is a conflict in the instructions given on behalf of plaintiff and that given at the request of the defendant.

The former instructed the jury in substance that if the stock or an interest in the Taylor mine was purchased under and pursuant to the contract between the parties of September 2, 1889, plaintiff was entitled to a one-fourth interest therein; while the instruction given on behalf of defendant informed the jury that the agreement of September 2, 1889, contemplated the purchase of a mine, and is not applicable to the purchase of stock in a mine, and that, unless there was another and different agreement entered into between the parties in addition to the original contract, plaintiff could not recover on account of the nondelivery of the stock.

We are of opinion the instructions on behalf of the plaintiff were correct and that in favor of the defendant erroneous.

As before stated in substance, if the purchase of the stock was made under and pursuant to the contract, and accepted by plaintiff as such compliance, it is not perceived that any other further or additional contract was necessary.

It may well be that in the event of delivery of the stock some arrangement would have been necessary to secure to defendant the dividends until he was reimbursed for his outlay on account of the interest to be transferred; so it would have been had defendant purchased the mine and conveyed a fourth interest to plaintiff at the end of one year, with a proviso that de-

fendant was to be reimbursed from the output of such mine. These were details which under the agreement the parties could have carried out, or failing in which the law would have determined for them.

The view of the defendant as detailed by plaintiff in his testimony seems rational. He said, according to plaintiff's testimony: "Now, we will go up there and take a look at it, and if you think well of the way I put this to you, and think well of the mine, all right, and we will vary our contract to suit the case exactly, if it needs any modification, but I cannot see that it does not apply to this case. You may have to abate your demand on me. I have not got all of the mine now, and you will have to have one-fourth of what I have."

Plaintiff testified that upon visiting and examining the mine he was pleased with it, and that they then proceeded to develop it, etc.

The erroneous instruction was in favor of appellant, and it has been repeatedly held by this court that a conflict in instructions which could not operate injuriously to appellant is not ground of reversal. (*Estate of Gharky,* 57 Cal. 280; *People* v. *Velarde,* 59 Cal. 464; *People* v. *Smith,* 59 Cal. 601; *People* v. *Ah Luck,* 62 Cal. 503; *People* v. *Turcott,* 65 Cal. 126.) Again, a party cannot except to instructions given at his own request, and in this case did not attempt to do so. (*Sierra etc. Co.* v. *Baker,* 70 Cal. 572.)

It follows that as the instructions excepted to were proper to be given, and as the erroneous instruction was in favor of appellant and given at his request and could not have injured him, the judgment should not be reversed for that cause.

The instructions taken together were as favorable to the defendant as the law would warrant.

Of the instructions asked on behalf of the defendant and refused it need only be said some of them were in substance embodied in instructions given, others not applicable to the issues made by the pleadings and the

evidence thereunder, and still others not admissible under any state of pleadings applicable to the case.

The pivotal point in the case was as to whether or not the purchase of the stock was made under and pursuant to the contract of September 2, 1889; that question determined in favor of the plaintiff, as it was by the verdict, and the recovery is as little as could reasonably be expected from the evidence.

The judgment and order appealed from should be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

HARRISON, J., GAROUTTE, J., McFARLAND, J.