## SPOONER v. CADY.[*]

### Sac. No. 36; May 8, 1896.

#### 44 Pac. 1018.

**Attachment—Exemplary Damages Against Sheriff on Dissolution.**—Where a sheriff, in attaching property, was not guilty of any oppression, fraud or malice, within the meaning of Civil Code, section 3294, but acted fairly in all respects, and simply performed the duties required of him as a public officer, exemplary damages will not be allowed against him on dissolution of the attachment.

**Trover—Damages—Costs and Counsel Fees.**—Where the only evidence of money properly expended in the pursuit of personal property which has been wrongfully converted (made a measure of damages under Civil Code, section 3336) is that plaintiff made a note for a gross sum to an attorney, in full payment of all expenses of

------

[*]Rehearing denied.

the proposed suit, from its commencement to its determination, and it does not appear what, if any, expenses were incurred, except that at the end of the controversy plaintiff had judgment for her costs, the money paid by plaintiff to her attorney cannot be properly taken into account, in estimating her damages.[1]

APPEAL from Superior Court, Lassen County; W. T. Masten, Judge.

Action by Clara Spooner against Frank P. Cady for conversion of personal property. From a judgment in favor of plaintiff and from an order denying his motion for a new trial defendant appeals. Judgment modified, and order affirmed.

Goodwin & Goodwin for appellant; Shinn & Shinn for respondent.

BELCHER, C.—It is alleged in the complaint in this case that on the twenty-eighth day of September, 1892, plaintiff was the owner, in possession, and entitled to the possession, of certain described personal property, which was and is of the value of $13,000; that on said day the defendant wrongfully, and without her consent, took said property from the possession of plaintiff; that on the third day of October, 1892, plaintiff demanded of defendant the possession of said property, but to deliver possession thereof to plaintiff defendant refused, and still refuses, to her damage, etc.; "that, by reason of said taking and detention of said property by defendant, plaintiff has been compelled to properly and necessarily expend a large amount of time and money in pursuit of said property; and that a fair compensation for the time and money so properly expended by plaintiff in pursuit of said property is the sum of three thousand dollars." Wherefore, judgment is asked (1) for a return of the property, or, in case a return thereof cannot be had, for the sum of $13,000, the value thereof; (2) for the sum of $3,000, as compensation for

---

[1] Cited and followed in Hays v. Windsor, 130 Cal. 236, 62 Pac. 397, where a judgment for the defendant in a replevin suit was modified by cutting out an item for counsel fees improperly included.

Cited in Black v. Hilliker, 130 Cal. 193, 62 Pac. 482, a replevin case, where it was said that the rule has been strictly followed that the allowance of counsel fees should not be carried beyond the exceptional cases to which the decisions have confined it.

the time and money properly expended by plaintiff in pursuit of said property; (3) for costs of suit. The original complaint was filed October 3, 1892. The answer denies that on the day named, or at any other time, the plaintiff was the owner, or in possession, or entitled to the possession, of the property described in the complaint, or of any portion thereof, and denies that she had properly or otherwise expended any money or time in the pursuit of said property; and it alleges that defendant was the duly elected, qualified and acting sheriff of Lassen county, and that as such officer he took into his possession the said property as the property of M. E. Spooner (the husband of plaintiff), to whom it then belonged, under and by virtue of two writs of attachment which were regularly issued out of the superior court of Placer county in actions commenced therein against said M. E. Spooner, and which were placed in his hands for service. And in a supplemented answer, subsequently filed, it is alleged that in October, 1892, the said writs of attachment were discharged, and that on November 15th, following, by order of court, all of said property was delivered by defendant to the plaintiff. The case came on regularly for trial before a jury on August 30, 1894, and evidence as to the plaintiff's ownership and possession of the property at the time of its attachment was introduced on both sides. It was proved that the property—consisting mostly of livestock—was situated on a ranch in Lassen county, which was claimed by plaintiff, and known as the "Spooner Ranch," and that it remained there after the attachment as before, and that while there, in his custody, defendant paid plaintiff, for the pasturage of the stock, the agreed rental value of the land. And it was admitted that all the property attached was returned to plaintiff by defendant, as alleged in his supplemental answer. To show the damage sustained by plaintiff by reason of the attachment, A. L. Shinn, her attorney, testified: That, before commencing the suit, plaintiff asked him what it would cost her. "I told her it was difficult to say what the cost would be; it might be a long suit, and cost her a good deal of money, but I would take the case, and pay all expenses, give my services, and take the chances of getting out. She asked what I would charge, under those conditions. I told her $2,000. She said, 'That is not enough. Make it $2,500.' I said: 'I will not quarrel with you on that. I don't know how I will get out of it.'" That

she then gave him her promissory note for $2,500 due one day after date, and that he was to pay all expenses from the first, and that she paid the note in full in November after the property was returned. He further testified that $500 would be a reasonable attorney's fee for commencing the action, and that $1,200 would be a reasonable fee for commencing and prosecuting the action up to its final determination. The court instructed the jury very fully in regard to the law bearing upon the questions presented for decision, and, among other things, told them that, if they should find for the plaintiff, they must find "the value of the property, and assess the damage caused her by the taking and detention of the property. The measure of damages (the property having been returned) is legal interest on the value of the property from the time of taking, and so long as it was held under attachment, and a fair compensation for the time and money properly expended by plaintiff in pursuit of the property, in computing which you may include a reasonable attorney's fee, which attorney's fee must have been actually paid." The verdict was: "We, the jury in the above-entitled cause, find for plaintiff, and find the value of the property taken to be $9,000, and assess her damages at $1,500." Of the damages so assessed, plaintiff was allowed, by an order of court, to waive the sum of $256, and thereupon judgment was entered that the plaintiff recover of and from the defendant the sum of $1,244 damages, and her costs of suit, taxed at $265.55. From that judgment, and an order denying a new trial, the defendant appeals.

The only question which need be considered is that relating to the damages awarded to the plaintiff. There was no ground for allowing exemplary damages. Such damages may be given in an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed: Civ. Code, sec. 3294. But here there was no evidence tending to show that the defendant had been guilty of any oppression, fraud or malice. On the contrary, he appears to have acted fairly toward the plaintiff in all respects, and to have simply performed the duties required of him by law as a public officer. Section 627 of the Code of Civil Procedure provides: "In an action for the recovery of specific personal property, if the property has not been delivered to the plaintiff, or the defend-

ant, by his answer, claim a return thereof, the jury . . . . may, at the same time, assess the damages, if any are claimed in the complaint or answer, which the prevailing party has sustained by reason of the taking or detention of such property." And section 3336 of the Civil Code provides: "The detriment caused by the wrongful conversion of personal property is presumed to be: . . . . (2) A fair compensation for the time and money properly expended in pursuit of the property." Assuming, without deciding, that in a case like this the plaintiff is entitled to recover a fair compensation for the time and money properly expended in pursuit of the property, the question then is, Does the evidence show such an expenditure of either time or money by the plaintiff as entitled her to the damages awarded? It is apparent that the expenditure must be limited to the time during which the property was detained, and that it cannot be extended beyond the time when the property was returned. There was no evidence that the plaintiff expended any time in pursuit of the property, nor, if she did, as to what was the value of that time. There was no ground, therefore, for allowing her any compensation for time expended. And the only evidence as to money expended was that she gave to her attorney her promissory note, and subsequently paid the same, as before stated. That note was for a gross sum, and was to be in full payment of all expenses of the proposed suit, from its commencement to its final determination. No sum was named or agreed upon as the attorney's fee for his services in the case. And it does not appear what, if any, expenses were incurred, except that, at the end of the controversy, plaintiff had judgment for her costs, in the sum of $265.55. Under these circumstances, could the money paid by plaintiff to her attorney, or any part thereof, be properly taken into account, in estimating her damages? It has been strongly intimated by this court that money paid for attorneys' fees in pursuit of property is not within the rule of damages declared by section 3336 of the Civil Code: Greenbaum v. Martinez, 86 Cal. 462, 25 Pac. 12; McDonald v. McConkey, 57 Cal. 325. But the question has never been definitely decided. The general rule is that counsel fees are not recoverable by the successful party in actions either at law or in equity, and it has been held in cases of aggravated trespass, where exemplary damages might be allowed, that attorneys' fees for prosecuting the action could

not be taken into consideration in estimating the damages: Howell v. Scoggins, 48 Cal. 355; Falk v. Waterman, 49 Cal. 224; Sedgwick on Damages, 8th ed., sec. 234. In Murphy v. Mulgrew, 102 Cal. 547, 41 Am. St. Rep. 200, 36 Pac. 857, which was an action like this, the court said: "The evidence is insufficient to justify the finding of the court that $200 is a fair compensation for the time and money expended by the plaintiff in the pursuit of the property. All the evidence bearing upon this question is the fact that plaintiff gave her note for $200 to her attorneys as a fee for their services in the case. That is wholly insufficient to support the judgment in that regard." Counsel for respondent invoke the rule declared in injunction cases, where the preliminary injunction had been dissolved, and, in an action on the injunction bond, it was held that counsel fees might be recovered. But in Mitchell v. Hawley, 79 Cal. 301, 21 Pac. 833, it is said: "The allowance of counsel fees in suits on injunction bonds is exceptional, and it should not be carried beyond the point to which former decisions have taken it. In the injunction suit in which the bond now before us was given, the attorneys for defendants were given $500 in gross for all their services in the case. They made an effort to get the temporary injunction dissolved, but failed. Afterward the injunction was ended by the dismissal of the action." And it was held that the plaintiff was not entitled to recover any sum for counsel fees. In Bustamente v. Stewart, 55 Cal. 115, the court quoted with approval the following language found in High on Injunctions, sections 473, 474: "A reasonable amount of compensation paid as counsel fees in procuring the dissolution of an injunction may be recovered in an action upon the bond, if the injunction was improperly or wrongfully issued; the amount being limited to fees paid counsel for procuring the dissolution, and not for defending the action." In San Diego Water Co. v. Pacific Coast S. S. Co., 101 Cal. 216, 35 Pac. 651, it was held, where no effort was made to dissolve a preliminary injunction, except that the case was tried on its merits, and a dissolution of the injunction was made by the final judgment, and the attorneys were simply employed to try the case, and were paid for that purpose, and no other, that counsel fees could not be recovered as damages upon the injunction bond; and see Curtiss v. Bachman, 110 Cal. 433, 52 Am. St. Rep. 111, 42 Pac. 910. Without deciding whether, under the

provisions of section 3336 of the Civil Code, attorneys' fees can ever be treated as money properly expended in the pursuit of the property, and therefore recoverable, we think it clear that, in view of the authorities above cited, the plaintiff in this case was not entitled to recover for such fees. Interest on the value of the property during the time it was held under attachment would amount to about $78. The case should be remanded, with directions to the court below to modify the judgment by striking out all the damages awarded the plaintiff, except the sum of $78; and in all other respects the judgment and order appealed from should be affirmed.

We concur: Searls, C.; Britt, C.

PER CURIAM.—For the reasons given in the foregoing opinion the cause is remanded, with directions to the court below to modify the judgment by striking out all the damages awarded the plaintiff, except the sum of $78; and in all other respects the judgment and order appealed from are affirmed.