## W. F. Sell v. Sylvester C. Ward.

1. PLEDGES—*Sales by Pledgee—Notice.*—At common law a pledgee can not sell without judicial process unless reasonable notice is given to the pledgor to redeem; and the pledgor is entitled to reasonable notice, not only of the pledgee's intention to sell, but also of the time and place of the sale, and the sale should be at public auction.

2. SAME—*Damages for Unlawful Sales.*—Where the property pledged is not marketable, its value must be ascertained by such proof as the case admits of; and where the article is exclusively or chiefly valuable to the owner, the true criterion of damages is its actual value to the owner.

Assumpsit, for the conversion of a pledge. Trial in the Circuit Court of DeKalb County; the Hon. GEORGE W. BROWN, Judge, presiding. Finding and judgment for plaintiff; appeal by defendant. Heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

CLIFFE & CLIFFE, attorneys for appellant.

W. C. KELLUM, attorney for appellee.

Where personal property is pledged to secure the payment of a debt, without any time specified for payment or redemption, the pledgor has his whole lifetime in which to redeem, and has the right to call upon the pledgee, at any time, to restore the pledge or its equivalent upon payment of the debt. Cartelyou v. Lansing, 2 Caines' Cases, 202–233; 2 Kent's Com., star p. 582.

Where personal property is held as collateral security for a debt and the pledgee sells the same for less than its value without notice, the pledgor is entitled to have the full value of the property so pledged, and not merely the proceeds of such sale. Stearns v. Marsh, 4 Denio (N. Y.), 227.

When a pledge of property is made to secure the payment of indebtedness, the pledge can not be sold until after the debt is due, and demand is made to redeem, and notice is given of such intention to sell, and such sale must be public. Nat'l Bank of Illinois v. Baker, 128 Ill. 533; Travers v. Leopold, 124 Ill. 431; Moore's Justice, Sec. 247, p. 219; 1 Parson on Contracts, 602.

If the property have little or no market value, the actual value to the owner is the just rule. The jury may consider the cost of replacing the property. Sedgwick on the Measure of Damages (6th Ed.), p. 583, note 2; Stickney v. Allen, 10 Gray, 352; Starkey v. Kelley, 50 N. Y. 676; Wehle v. Haviland, 69 N. Y. 450; Sutherland on Damages, Vol. 3, 476; Suydam v. Jenkins, 3 Sandf. 620; Jones v. Morgan, 90 N. Y. 4; Sturges v. Keith, 57 Ill. 463.

Where property has no particular market value because it is of such a nature there can be no general demand for it, and it is more particularly valuable to the owner than any other, it may be estimated with reference to its value to the owner. Sutherland on Damages, Vol. 3, 494.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Upon a trial of this cause in the court below without a jury, Sylvester C. Ward recovered a judgment against William F. Sell for $35 for part of the value of a dress suit. This is an appeal from that judgment.

Ward borrowed $100 of Sell and delivered to him in pledge for its payment a musical instrument which cost $150 and a dress suit which had been made to order for Ward shortly before at a cost of $60, and which had been worn but once. Afterward Ward desired to use these articles and applied to Sell to accept a note signed by Ward and by his mother as surety, and to release the articles. Sell agreed to this. A note for the amount then due was prepared, signed by Ward and his mother, and delivered to and accepted by Sell, and he returned the instrument to Ward. He did not deliver the suit, but afterward credited $25 on the note on account thereof. Ward or his mother paid the rest of the note. Ward then sued Sell for the difference between $25 and the value of the suit, and recovered $35. Ward testified that when Sell returned the musical instrument he said he had loaned the suit to his brother to wear in Chicago, and would send and get it that night, and that the next day Sell told him his brother had either lost

the suit or it had been stolen, and that he could not get it. Sell testified that he sent the suit to his brother in Chicago to dispose of, and that his brother notified him he had sold it for $25, and he gave credit accordingly. The brother testified the suit was advertised at private sale in a Chicago paper, and several persons looked at it and made offers (the amount of which he does not state) and he then took the suit to his tailor and the latter sold it for $25. This tailor was not a witness, and it was not shown whether he got the most he could for it. The brother, however, upon the basis of his efforts to sell this suit, testified its market value in Chicago when he sold it was $25. The tailor who made the suit testified for plaintiff that there was really no market value for a suit made to fit a particular man, but that the suit when pledged was worth $60 and if worn but once would be worth as much the following spring.

The acceptance of the note by Sell under the circumstances stated, was a redemption by Ward of the pledge, and entitled him to a return of the articles.. Sell testified in an unsatisfactory way to having told Ward he should sell the pledge unless the debt was paid, and to an angry reply by Ward that he might sell it; but Ward denied this, and denied any notice of an intention to sell, and the trial judge believed Ward, and we can not say he should have reached a different conclusion. At common law a pledgee can not sell without judicial process unless reasonable notice be given to the pledgor to redeem; and the pledgor is entitled to reasonable notice, not only of the pledgee's intention to sell, but also of the time and place of the sale (McDowell v. Chicago Steel Works, 124 Ill. 491), and the sale should be at public auction (Story on Bailments, Sec. 310). Sell did not dispose of the suit at public action, but secretly; he did not sell in Sycamore where the parties lived and where the suit was made and pledged, but in Chicago; and he did not give Ward reasonable notice to redeem, nor any notice of the time and place of the sale. He is therefore liable for the value of the pledge.

The usual measure of damages in such case is the market

value of the thing pledged. That rule is selected because it fixes the plaintiff's real loss by furnishing a sum with which he can go into the open market and supply himself with a like article. (Sedgwick on the Measure of Damages, 5th Ed., 291.) But the proof here shows that a dress suit, made to fit one man has, in no proper sense, a market value. It is manifest Ward was not compensated or made whole by selling the article in a tailor shop in Chicago, as the $25 so realized would not buy him another like suit. The article was worth to Ward, whom it fitted, what it would cost to make another like it, but it was of slight value to the general public, whom it did not fit. As to property not marketable the rule is, its value must be ascertained by such proof as the case admits of; and where the article is exclusively or chiefly valuable to the owner, the true criterion of damages is its actual value to the owner. Where a defendant had pledged plates for printing labels and advertisements of great value to the owner in the business in which he was engaged, and practically worthless to others, the measure of damages was held to be the value of the plates to the owner, and that the cost of replacing the plates was proper evidence to be considered. (3 Sutherland on Damages, Sec. 1099.) It is clear the suit was worth $60 to Ward, or $35 more than Sell credited on the note, and the judgment below does substantial justice. We think this record free from serious error in the other respects alleged. The judgment is affirmed.