[Civil No. 2232.   Filed February 17, 1925.]

[233 Pac. 598.]

# J. A. B. JONES, Appellant, v. MRS. C. F. STANLEY, Appellee.

1. PLEADING—COMPLAINT IN CONVERSION NOT DEMURRABLE FOR MIS-JOINDER BY PRAYER FOR RETURN OF PROPERTY.—Complaint in conversion was not demurrable for misjoinder because prayer asked for return of property, as replevin, since prayer is not a part of complaint.

2. PLEADING — MOTION REMEDY FOR AMBIGUITY. — Objection to complaint for ambiguity should be by motion to make more definite and certain.

3. TROVER AND CONVERSION—PERMISSIBLE TO ALLEGE DEMAND FOR RETURN OF GOODS.—It is always permissible, though not necessary, to allege a demand for return of goods in conversion.

4. TROVER AND CONVERSION—MEASURE OF DAMAGES STATED.—Ordinary measure of damages in conversion is reasonable market value of goods at time of conversion with interest.

5. TROVER AND CONVERSION—MEASURE OF DAMAGES SPECIAL VALUE TO OWNER.—Ordinary measure of damages in conversion, if goods have no market value, is their actual worth to owner, and when they are of special value to owner, he may recover that.

6. TROVER AND CONVERSION—ATTORNEY'S FEES AND EXPENSES HELD NOT PROPER ELEMENTS OF DAMAGES.—Attorney's fees and expenses of

---

1. See 21 R. C. L. 514.   2. See 21 R. C. L. 600.   3. See 26 R. C. L. 1122.   4. See 26 R. C. L. 1148.   5. See 26 R. C. L. 1149.

suit that are not taxable costs, and general expenses which do not result in recovery of property, are not proper elements of damages in conversion.

7. PLEADING—GENERAL DEMURRERS TO IMPROPER AND PROPER ITEMS OF DAMAGES ALLEGED PROPERLY OVERRULED.—General demurrers to improper damages alleged in conversion were properly overruled, where court could not sustain them without ruling out many proper items of damages.

8. PLEADING—COURT NOT REQUIRED TO REFRAME PLEADINGS SO GENERAL DEMURRER MAY BE SUSTAINED.—Where court could not sustain general demurrer to allegations of damages without ruling out many proper items, it was not required to reframe pleadings so that demurrer might be sustained to improper items.

9. EVIDENCE—PAROL EVIDENCE OF LETTER CLAIMED SENT TO DEFENDANT HELD ADMISSIBLE.—Parol evidence of a letter claimed to have been sent defendant was admissible, where not produced on proper demand, and there was testimony that it was properly addressed and mailed and that defendant had received it.

10. JUDGMENT—NO ERROR IN JUDGMENT NOT FOLLOWING RULE IN ACTION OF REPLEVIN WHERE CASE TRIED ON THEORY OF CONVERSION.—Where court held an action to be one of conversion, and case was tried on that theory, there was no error in judgment not following rule in action of replevin.

11. APPEAL AND ERROR—INSTRUCTION OF JURY AFTER CONCLUSION OF ARGUMENT HELD HARMLESS. — That court instructed jury, after argument had concluded, contrary to Civil Code of 1913, paragraph 517, was harmless, where instruction was given without objection, and it correctly stated the law.

See (1) 31 Cyc., pp. 110, 111.   (2) 31 Cyc., p. 644.   (3) 38 Cyc., p. 2071.   (4) 38 Cyc., p. 2093.   (5) 38 Cyc., p. 2093.   (6) 38 Cyc., p. 2101.   (7) 31 Cyc., p. 331.   (8) 31 Cyc., p. 331.   (9) 22 C. J., p. 1038.   (10) 33 C. J., p. 1155.   (11) 3 C. J., p. 843; 4 C. J., p. 1040.

APPEAL from a judgment of the Superior Court of the County of Graham. W. R. Chambers, Judge. Affirmed.

Mr. E. L. Spriggs and Mr. J. V. Pace, for Appellant.

Mr. W. K. Dial, for Appellee.

7. See 21 R. C. L. 514.   9. See 10 R. C. L. 922.

LOCKWOOD, J.—Plaintiff brought suit against defendant, J. A. B. Jones and one Arthur Dankworth, alleging substantially as follows: That she was the owner of certain personal property of the actual value of $850, and of the additional sentimental value of $905; that she had packed and stored said goods in a certain house in Safford, Arizona, and had rented the same to Dankworth; that thereafter the house was sold to defendant, Jones; and that the latter took possession of the premises and said personal property, and has since failed and refused to return it to plaintiff, though demand has been made therefor.

She further alleges that part of the property has been destroyed by defendant, to her damage in the sum of $100, and that she has lost its use for a considerable time, to her damage in the sum of $50 a month; that she made a personal trip from Los Angeles in an unavailing effort to recover the same, to her damage in the sum of $168.60, for expenses and loss of time, and that she has further been put to the expense of bringing suit and employing counsel, etc., to her damage in the sum of $250.

In her prayer for relief she asks, first, for the return of the goods; second, for damages as above set forth; third, that, if any of them are not returned, she recover their value, as well as the general damages alleged.

Defendant filed first a general, then an amended demurrer and motion to strike, and finally a special demurrer, all of which were overruled by the court.

The case was tried before a jury which returned a verdict for plaintiff in the sum of $850 against defendant, Jones; the case having been dismissed as to Dankworth on the trial. .

A motion for new trial was duly made, and the court denied it on condition that plaintiff remit the

sum of $69.40, and defendant appealed from the judgment alone.

Defendant assigns seven errors which will be considered, so far as necessary, in their order. The first and second go to the sufficiency of the various demurrers and motions to strike. The general demurrer was properly overruled. The complaint, while not a model of good pleading, does state a cause of action in conversion against the defendant. While there are some allegations, particularly in the prayer for relief, which might cause one to believe that plaintiff had some vague thought of an action for replevin, yet it certainly does not comply with our statutory action, and the mere fact that the prayer asks for the return of the property does not necessarily render the case one of replevin, as the prayer is not part of the complaint. *Dennison* v. *Chapman,* 105 Cal. 447, 39 Pac. 61; *Johnson* v. *Polhemus,* 99 Cal. 240, 33 Pac. 908. For this reason the demurrer on the ground of misjoinder was not well taken.

We see no error in the overruling of the special demurrers on the ground that paragraph 2 of the complaint is ambiguous, and that paragraph 3 shows the action was brought by the wrong party. The objection to paragraph 2, if good, should have been taken by motion to make more definite and certain, and a careful reading of paragraph 3 shows plaintiff was the proper party to bring the action. It is always permissible, though not always necessary, to allege a demand for the return of the goods in an action for conversion, and the second motion to strike was properly denied.

The other demurrers and motions to strike go to the proper measure of damages. The ordinary measure of damages in conversion is the reasonable market value of the goods at the time of conversion, with interest. 38 Cyc. 2092.

If the goods have no market value, their actual worth to the owner is the test, and when they have but little or no market value, and are of special value to the owner, he may recover that. *Sell* v. *Ward*, 81 Ill. App. 675; *Stickney* v. *Allen*, 10 Gray (Mass.), 352.

Attorney's fees and expenses of suit that are not taxable costs are not proper elements of damages. *Spooner* v. *Cady*, 5 Cal. Unrep. 357, 44 Pac. 1018; *Berry* v. *Ingalls*, 199 Mass. 77, 85 N. E. 191. Nor are general expenses which do not result in a recovery of the property. *Hall* v. *Younts*, 87 N. C. 285; *United States* v. *Pine R. etc. Co.*, 89 Fed. 907, 32 C. C. A. 406.

While many improper elements of damages are set up in the complaint, yet they were attacked by the demurrers and the motions in such a manner that the trial court could not sustain any of the latter without also ruling out many proper items. In such a case the court is not required to do for the party what he fails to do for himself, by properly reframing the pleadings, and the motions and demurrers were, for that reason, properly overruled. 31 Cyc. 331.

The reporter's transcript does not support assignment 3.

In assignment No. 4, defendant complains that parol evidence was offered of a letter claimed to have been sent to defendant by plaintiff. The proper demand was made on defendant to produce the letter, but he claimed that he had never received it. Plaintiff testified it was properly addressed and mailed, and another witness testified defendant admitted he had received a letter which could fairly be construed to be the one referred to. This is ample to allow parol evidence of its contents. *Boen-*

27 Ariz.—25

*ing* v. *North American Union,* 155 Ill. App. 528; *Sun Ins. Co.* v. *Earle,* 29 Mich. 406; *Standard Fashion Co.* v. *Hennessy-Robinson Co.,* 143 App. Div. 248, 128 N. Y. Supp. 22; *Sugar Pine Land Co.* v. *Garrett,* 28 Or. 168, 42 Pac. 129; *Hanson* v. *Columbia etc. R. R. Co.,* 75 Wash. 342, 134 Pac. 1058; *Dunbar* v. *United States,* 156 U. S. 185, 39 L. Ed. 390, 15 Sup. Ct. Rep. 325 (see, also, Rose's U. S. Notes).

As has been stated, there were several elements of damages improperly included in the complaint, but defendant did not raise objections to them of a nature which made it error for the court to overrule the motions to strike and demurrers, and the trial court carefully excluded all evidence of the objectionable items, instructing the jury the measure of damages would be the actual value, based on money loss, of the goods converted, plus interest, but excluding any sentimental or fanciful value, expressly stating the damages could in no case exceed the actual value of the goods, as pleaded by plaintiff in her complaint. The verdict was for that amount. Since the court held the action to be one of conversion, and the case was tried on that theory, there was no error in the judgment not following the rule in the action of replevin. We do not think assignment 5 well taken.

The last error complained of is that the court instructed the jury, after argument had concluded, contrary to paragraph 517, Civil Code (Rev. Stats. Ariz. 1913), and it is apparent from the record that it did so. This was, of course, erroneous, but the record also shows that the instruction was given without objection being made by counsel for defendant, who was present in the court, and that it correctly stated the law.

We do not feel a case should be reversed for a technical error which was clearly not prejudicial and which was not objected to at the time.

Finding no reversible errors in the record, the judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.