**WEBB v. CRESCENT CITY LAUNDRIES, Inc.\***

No. 17117.

Court of Appeal of Louisiana. Orleans.

March 27, 1939.

Rosen, Kammer, Wolff & Farrar, of New Orleans, for appellant.

Deutsch and Kerrigan, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit against a laundry for $175, the alleged value of five pairs of curtains delivered to the defendant to be cleaned, which plaintiff alleges to have been ruined in the process. The defendant denied that it had damaged the curtains in any manner and, in the alternative, that if the curtains had been damaged in the cleaning process it was not the result of any fault on its part, but because of some inherent defect in the material of which the curtains were made or in the manufacture thereof. It reconvened and asked for judgment in the sum of $9, its charges for the cleaning of the curtains.

There was judgment below in favor of plaintiff in the amount prayed for and the reconventional demand was dismissed. Defendant has appealed.

Mrs. Webb, testifying on behalf of her husband, the plaintiff, stated that she had given the curtains to an employee of the defendant, admonishing him that the curtains must be dry cleaned and returned to her in perfect condition and requesting that this condition be communicated to his

*Rehearing denied April 24, 1939; writ of certiorari denied by Supreme Court May 29, 1939.

employer before the work was undertaken; that someone from defendant's establishment called her on the phone and assured her that the curtains would be cleaned to her entire satisfaction, but that when they were returned to her no two were of the same length due, she believed, to shrinkage caused by the cleaning process, the shrinkage varying from two to ten inches. An immediate complaint was made and the curtains returned to defendant who assured Mrs. Webb that the shrinkage could and would be remedied; that when the curtains were returned to her a second time "they had pulled holes in them and some of the curtains looked as though a cat had been pulling at them with its claws, it was pulled to such an extent they looked disreputable". They were again returned to the laundry and again brought back to Mrs. Webb, when she discovered that "there were no two the same length and still they didn't touch the floor, some were darned, there were no two the same length and they sewed these places where the holes were which was very noticeable when hung on the windows and you could see the seams and you could see the places where they tried to stretch them and pulled the fibres".

Mrs. Webb paid $175 for the curtains in February, 1938, having bought them secondhand from a Mrs. Elsas, from whom she bought her home. The curtains were manufactured by Mr. Marc Antony in 1935. Some of the curtains were produced below and were exhibited in this court. There is a seam in one of the three curtains in evidence, extending horizontally across the curtain about eighteen inches from the hem. This seam, however, appears only in the rust colored panels, the curtain being composed of eight strips of material, four of which are eggshell color and four rust color. Plaintiff insists that these seams were caused by defendant's agents in an attempt to remedy tears caused by the stretching process resorted to by defendant after the shrinkage of the curtains was called to their attention. To this contention defendant replies that the seams were in the curtains when originally manufactured and could not have been caused by stretching them, otherwise the tear would have occurred entirely across the width of the curtains including both the eggshell and rust colored strips and not only in the rust colored ones. We were much impressed by the reasonableness of this presumption, but have concluded that it must yield to the positive testimony of Mr. Antony, the manufacturer of the curtains, who declared that the seams were not in the curtains when they were delivered to Mrs. Elsas, to whom he sold them, and that he had been in the habit of taking them down each Spring and hanging them again each Fall for Mrs. Elsas, upon which occasions he made a careful examination, the last time before Mrs. Webb's acquisition being in October. 1937, and that the seams were not in the curtains when Mrs. Webb bought them. Mr. Antony also testified that the material, out of which the curtains were made, was not defective and would not have shrunk if properly cleaned.

The situation presented by this case is very similar to that considered by us in Gugert v. New Orleans Independent Laundries, Inc., La.App., 181 So. 653, where we held that the plaintiff should recover for the value of draperies damaged in the process of cleaning.

We believe, however, that a small allowance should be made for depreciation in the value of the curtains. Mrs. Webb purchased them in February, 1938, and sent them to the laundry to be cleaned in June of the same year. Though the testimony is to the effect that the curtains were worth as much in June as they were in February, we are of opinion that $25 should be deducted for depreciation.

For the reasons assigned the judgment appealed from is amended by reducing the amount awarded plaintiff from $175 to $150 and as thus amended it is affirmed. Plaintiff-appellee to pay the costs of this appeal.

**Amended and affirmed.**