289 So.2d 847 (1974)
Dr. Arthur AXELROD
v.
WARDROBE CLEANERS, INC.
No. 6094.
Court of Appeal of Louisiana, Fourth Circuit.
February 6, 1974.
*848 Shushan, Meyer, Jackson, McPherson & Herzog, Donald A. Meyer, New Orleans, for plaintiff-appellee.
Graffagnino, Perez & Barbera, Don C. Gardner, Metairie, for defendant-appellant.
Before STOULIG and BOUTALL, JJ., and MARCEL, J. Pro Tem.
STOULIG, Judge.
Plaintiff, Dr. Arthur Axelrod, was awarded $1,000 as the replacement value for a set of draperies ruined while undergoing a dry-cleaning process at Wardrobe Cleaners, Inc. Defendant has appealed *849 this judgment asserting that an inferior fabric dye and not the cleaning process caused the damage. Alternatively it sought a reduction in quantum.
The record reflects that George Pringle, head of defendant's drapery department, called at the Axelrod home on August 16, 1972 to inspect the dining room draperies for dry-cleaning purposes. He was in the Axelrod home for 30 minutes, during which time he inspected both the lining and the drapery material itself. In the course of his examination he pointed out to Mrs. Axelrod there were roach spots on the lining that could not be removed by the cleaning process, but because of their location Mrs. Axelrod thought this was unimportant. Pringle did not discuss with plaintiff or his wife the purpose of his examination; however, he testified it was to ascertain whether the fabric had deteriorated from sunburn, age, dust or air conditioning, or a combination of any of these factors, so as to render them unsuitable for dry cleaning.
Having satisfied himself the fabric had sufficient strength to withstand cleaning, Pringle accepted the drapes. His unqualified acceptance was an implied assurance to the plaintiff-customer that the drapes could withstand the cleaning process to which they would be subjected. It created the relationship of a bailment for hire between the parties, thereby imposing upon the defendant the duty of diligent care of a prudent administrator as exacted by LSA-C.C. art. 2937. Gugert v. New Orleans Independent Laundries, 181 So. 653 (La.App.Orl.1938); Jeter v. Lachle, 106 So.2d 808 (La.App. 2d Cir. 1958).
When the draperies were returned to plaintiff, the fabric, formerly a gold floral design on an eggshell white background, was a blotchy gold throughout and unfit for use. The draperies and a piece of the same material from which they had been made (that did not undergo the cleaning process) were introduced in evidence for comparison purposes. An examination of both visibly demonstrates the damage caused by the cleaning process.
The unconditional acceptance for cleaning, coupled with the defendant's admission that the damage occurred while the drapes were in its custody, establishes a prima facie case of negligence against defendant and thrust upon it the burden of exculpating itself from fault or lack of due care in handling the plaintiff's property. In other words, it must prove that it acted as a prudent bailee. As noted in the Jeter case, the defendant's burden of proof has been analogized or equated with that imposed under the doctrine of res ipsa loquitur.
The owner of Wardrobe Cleaners, Inc., Pete Kissgen, Jr., testified though he did not see the drapes when they came into his plant, he knows they were dry-cleaned in the customary manner. He explained with the many new imported fabrics now in use, it is difficult to predict how the dyes will react to the cleaning process. In this case he stated the draperies could not be pretested for colorfastness because if the dyes did run the fabric would be ruined in the test area. It is acknowledged that the defendant was not equipped to chemically test the fabric for colorfastness. However, if any doubt existed in defendant's mind as to the advisibility of dry-cleaning these drapes, as a prudent bailee it should have either subjected them to additional tests or refused to accept them.
Defendant presented Joe D. Watson, an alleged fabric expert, who expressed the opinion the color ran because the dyeing process in fabrication of the material was inferior. In reasons for judgment, the trial judge stated he disregarded this opinion because it had "no basis in fact or expertise." We fully agree. Watson was argumentative and hostile in giving his evidence, and it developed that he sells additives to defendant's supplier and has been doing so for several years.
Plaintiff was awarded $1,000 and it is claimed this is excessive. The draperies *850 were hanging when the plaintiff purchased the house some two years before the dry-cleaning process ruined them. How long they were up before plaintiff acquired title is unknown. In addition to not knowing the age, plaintiff was unable to establish the original cost, but it is apparent from the actions of Pringle and from Mrs. Axelrod's intention to coordinate her redecoration with these draperies that they were in good condition.
Without evidence as to the initial purchase price, the projected span of wearability and the age of the draperies at the time of the damage, we are unable to calculate the current replacement value by the accounting method of depreciation. As was indicated in Gugert, where this rule cannot be adhered to but it is apparent damage was suffered, the court must exercise its discretion. We do not think an award of $1,000, under the facts of this case, constitutes an abuse of discretion by the trial judge.
For the reasons assigned, the judgment appealed from is affirmed; costs to be borne by the appellant.
Affirmed.