LEMMON, Judge.
Plaintiff sued the defendant dry cleaning corporation for the value of clothing deposited. Defendant has now appealed from a judgment rendered after trial on the merits. The issue raised is purely an evidentiary problem.
Plaintiff’s wife deposited the clothing for cleaning and was issued a claim check. When she later called for them, the clerk searched for the clothes, but couldn’t find them.
Defendant resisted the ensuing suit on the basis of an entry in its ledger book, which it used in releasing clothes to customers without claim checks. Defendant’s owner explained that 75% of its customers picked up clothes without claim checks. Whenever this occurred, the clerk asked the customer for his name and address and a description of the clothes. When the clerk gave the clothes to the customer, the clerk entered in the ledger the name, address and ticket number shown on the ticket attached to the clothes. The customer was not required to identify himself or to sign the ledger.
 C.C. art. 2937 obliges the depositary to use the same diligence in preserving the deposit as he would reasonably use in preserving his own property. If the depositary cannot return the deposit, he must exonerate himself by showing that the loss was not due to his failure to use reasonable diligence in preserving the deposit. Holder v. Lockwood, 92 So.2d 768 (La. App. 2nd Cir. 1957).
In this case, however, defendant contends it proved there was no loss. Weighing of the evidence does not support this contention.
Plaintiff’s wife testified that she did not receive the return of the deposit. Defendant’s evidence that its records indicate its clerk gave the clothes to some unidentified person and copied certain information from the ticket attached to the clothes does not preponderate over plaintiff’s positive testimony, which was accepted as credible by the trial judge.
The judgment is affirmed.
Affirmed.