603 P.2d 557

John DEVINE and Marilyn Devine, husband and wife, Plaintiffs/Appellees,

v.

Gerald BUCKLER and Martha K. Buckler, husband and wife, dba Perma Color Carpet Cleaning and Dyeing Co., a Foreign Corporation, Defendants/Appellants.

No. 2 CA–CIV 3317.

Court of Appeals of Arizona, Division 2.

Nov. 13, 1979.

King & Frisch by James C. Frisch and Peter C. Seagle, Tucson, for plaintiffs-appellees.

Richard L. Keefe, Tucson, for defendants-appellants.

## OPINION

RICHMOND, Chief Judge.

This is an appeal from a judgment in favor of plaintiffs in the amount of $1,700

plus $1,000 attorneys' fees in a suit for damages arising out of defendants' performance of a carpet-dyeing job. The case was tried to the court, which viewed the premises at the conclusion of the trial.

Defendants contend on appeal that there was insufficient evidence of their failure to perform in a workmanlike manner. They also challenge the sufficiency of proof of damages.[1] We do not agree with their position and affirm.

 When defendants contracted to dye the carpet, they were required to perform the work in a workmanlike manner and without negligence. *Kubby v. Crescent Steel,* 105 Ariz. 459, 466 P.2d 753 (1970); *Reliable Electric Co. v. Clinton Campbell Contractor, Inc.,* 10 Ariz.App. 371, 459 P.2d 98 (1969). The trial judge, who had the advantage of viewing the carpet in its entirety at plaintiffs' residence, apparently concluded that it was ruined because of defendants' failure to do the job in a workmanlike manner. A comparison of the exhibits in evidence supports this conclusion. Although an expert witness testified that in his opinion defendants' workmanship could not be exceeded, the court was not compelled to believe him in the face of evidence of practical results indicating otherwise. *Pacific Guano Co. v. Ellis,* 83 Ariz. 12, 315 P.2d 866 (1957); *Pyeatte v. Pyeatte,* 21 Ariz.App. 448, 520 P.2d 542 (1974).

 As to the sufficiency of the evidence to support the award of $1,700, plaintiffs were entitled to recover an amount that would put them in the position they were in before they were injured. *United States Fidelity and Guaranty Co. v. Davis,* 3 Ariz.App. 259, 413 P.2d 590 (1966). Defendants contend plaintiffs failed to prove the market value of the 170 yards of dyed carpet and thus did not meet their burden of proof. One of their experts testified, however, that there was no market for used carpet. If goods have no market value,

their actual worth to the owner is the test. *Jones v. Stanley,* 27 Ariz. 381, 233 P. 598 (1925). Furthermore, articles used in furnishing a home have a value when so used that is not fairly estimated by their value as secondhand goods on the market. *Rutherford v. James,* 33 N.M. 440, 270 P. 794 (1928).

 In determining actual value, a trial judge has wide latitude. Depending upon the particular conditions and circumstances, he may consider the cost of the property when new, the length of time it was used, its condition at the time of loss or injury, the expense to the owner of replacing it with another item of like kind and in a similar condition, and any other factors that will assist in assessing the value to the owner at the time of the loss or injury. *De Spirito v. Bristol County Water Co.,* 102 R.I. 50, 227 A.2d 782 (1967). It is not inappropriate to consider inflation in the cost since the time of the original purchase. *See Keeton v. Sloan's Moving & Storage Co.,* 282 S.W.2d 194 (Mo.App.1955).

 Defendants also argue that the judgment makes no allowance for depreciation. Testimony that it would have cost $13 per yard at the time to replace the carpet refutes that contention. Where the evidence does not permit a precise computation of replacement cost less depreciation but it is apparent damage was suffered, the court must exercise its discretion. *Axelrod v. Wardrobe Cleaners, Inc.,* 289 So.2d 847 (La.App.1974). We find no abuse of that discretion in assessing plaintiffs' loss at $10 per yard, based on evidence that the carpet was three and one-half years old and in excellent condition.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.

---

1. No question is raised on appeal concerning the allowance or reasonableness of the attorneys' fees.