928 P.2d 650

**The STATE of Arizona, Appellant,**

v.

**Kenneth Hayden BROCKELL, Appellee.**

**No. 2 CA–CR 94–0437.**

Court of Appeals of Arizona,
Division 2, Department B.

Feb. 29, 1996.

Review Denied Oct. 21, 1996.

Stephen D. Neely, Pima County Attorney by Christina M. Cabanillas, Tucson, for Appellant.

Susan A. Kettlewell, Pima County Public Defender by Nancy F. Jones, Tucson, for Appellee.

## OPINION

DRUKE, Chief Judge.

The state appeals from the trial court's dismissal of the indictment charging appellee with causing criminal damage in an amount more than $2,000 but less than $10,000, a class five felony, A.R.S. § 13–1602(A) and (B)(2), based on its finding that the statute is unconstitutionally vague. We reverse for the reasons stated below.[1]

A statute is void for vagueness if it fails to define a criminal offense with enough particularity so as to inform an ordinary person of the proscribed conduct or if it encourages arbitrary enforcement. *State v. Martin,* 174 Ariz. 118, 847 P.2d 619 (App. 1992). Appellee contends the statute is infirm because it defines the class of felony based on the amount of damage inflicted but does not specify how that amount is to be

---

1. The state claims the motion to dismiss was untimely and should have been precluded. Constitutional challenges have been addressed even when raised for the first time on appeal, *see Fuenning v. Superior Court,* 139 Ariz. 590, 680 P.2d 121 (1983), and this one was raised in the trial court, albeit untimely. Additionally, the trial court has broad discretion with respect to enforcement of the time limits and imposition of sanctions set forth in Ariz.R.Crim.P. 16.1, 17 A.R.S.

calculated. Accordingly, he argues, "the statute permits those responsible for charging the offense and for determining whether the State has proved its case to apply the statute in an arbitrary and discriminatory manner." We do not agree, however, that the determination of the amount of damage inflicted is subject to such varying methods of calculation that it can be applied arbitrarily or in a discriminatory fashion by law enforcement officers, judges, or juries. *See Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972) (vague laws impermissibly delegate basic policy matters to police officers, judges, and juries). Rather, a defendant can only be convicted of causing such damage as the proof will support, given properly recognized measures of damages.

We also find unpersuasive defendant's argument that, in failing to provide a method of calculation in the statute, the legislature must have "believed, albeit incorrectly, that there was a generally accepted method of determining the amount of damage to property." Arizona case law recognizes several methods of determining damage to property, any one or more of which may be appropriate in a given context.

 For real property, the usual measure of damages for permanent injury is the difference between the property's market value immediately before and immediately after the injury. *Blanton & Co. v. Transamerica Title Ins. Co.,* 24 Ariz.App. 185, 536 P.2d 1077 (1975). However, if the property can be replaced or restored, and the cost of such can be readily ascertained, the proper measure of damage is the replacement or restoration cost not to exceed the diminution in market value. *Id.; A.I.D. Ins. Services v. Riley,* 25 Ariz.App. 132, 541 P.2d 595 (1975). Nonetheless, courts recognize exceptions to the general rules. For example, if the market value has not been diminished but the property has lost some intrinsic value because of aesthetic considerations, repair or replacement costs may be used as the measure of damages to the extent those costs are "reasonable and practicable." *Dixon v. City of Phoenix,* 173 Ariz. 612, 622, 845 P.2d 1107,

1117 (App.1992). In *Dixon,* the court recognized that the general rules for determining damage to property "should be 'flexible guides in determining the true amount of loss.'" *Id.* at 620, 845 P.2d at 1115, quoting *Thatcher v. Lane Construction Co.,* 21 Ohio App.2d 41, 44, 254 N.E.2d 703, 706 (1970).

 As to personal property, when it is damaged beyond repair, the usual measure of damage is market value less any salvage value. *Melvin v. Stevens,* 10 Ariz.App. 357, 458 P.2d 977 (1969); 1 Dan B. Dobbs, *Law of Remedies* § 5.13(1) (2d ed. 1993). If the property is susceptible of repair, however, the proper measure is the reasonable cost of repair rather than the decrease in market value. *Melvin.* If permanently damaged goods have no market value, their actual worth to the owner is the test. *Devine v. Buckler,* 124 Ariz. 286, 603 P.2d 557 (App. 1979). With regard to the discretion given the trier of fact in determining actual worth, the court in *Devine* wrote:

> In determining actual value, a trial judge has wide latitude. Depending upon the particular conditions and circumstances, he may consider the cost of the property when new, the length of time it was used, its condition at the time of loss or injury, the expense to the owner of replacing it with another item of like kind and in a similar condition, and any other factors that will assist in assessing the value to the owner at the time of the loss or injury.

*Id.* at 287, 603 P.2d at 558.

It is apparent, then, that while there are generally accepted rules for calculating damage amounts, none of the rules guarantees a precise, formulaic application by the trier of fact. Rather, the amount is determined by applying a rule of reasonableness to the particular fact situation presented. Even the concept of "market value," which appellee concedes passes constitutional muster as it applies to theft cases,[2] can be "a vague ideal rather than a reasonably definite standard." Charles T. McCormick, *Law of Damages* § 44, at 166 (1935). As Professor Dobbs recognized, "courts choose the measure [of damages] deemed most adapted to the case at hand." Dobbs, § 5.2(2).

---

2. *See* A.R.S. § 13–1801(A)(14).

In a prosecution for criminal damage, the state has the burden of establishing the amount of damages, *State v. Hyde*, 133 Ariz. 35, 648 P.2d 616 (App.1982), and demonstrating what method it used to calculate the amount. If a defendant disputes the state's method, he or she can present evidence of what the defense deems a more reasonable calculation. *Cf. State v. Buhman*, 181 Ariz. 52, 887 P.2d 582 (App.1994) (jury could determine means for calculating reasonable support, and statute was not vague, particularly in light of other related statutes that provided guidance). When there is a dispute, the jury can decide which is the more reasonable method under the circumstances as part of its duty to determine the amount of damages. *See Hyde.* Any conviction for criminal damage is based, then, on the evidence presented, given generally accepted measures of damages, and not on the whim of the police, prosecutor, judge, or jury.

The trial court's order dismissing the indictment against appellee is reversed, and this matter is remanded for further proceedings.

ESPINOSA, P.J., and HATHAWAY, J., concur.