957 So.2d 865 (2007)
Corinne W. LABORDE
v.
ROSER'S CLEANERS, LLC.
No. 07-CA-78.
Court of Appeal of Louisiana, Fifth Circuit.
May 15, 2007.
Rehearing Denied June 12, 2007.
*866 Leo R. McAloon, III, Brendan P. Doherty, New Orleans, Louisiana, for Plaintiff/Appellee.
Leonard L. Levenson, Christian W. Helmke, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, WALTER J. ROTHSCHILD, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
The Defendant, Roser's Cleaners, L.L.C., appeals from a judgment in favor of the Plaintiffs, Corinne and Kenneth Laborde, for the value of a ball gown damaged in the dry cleaning process. We affirm.
In 2000, Corinne Laborde purchased a ball gown from a dressmaker for her daughter, Adrienne, to wear at a December debutante ball. The day after the ball, Mrs. Laborde took the gown to the Defendant for dry cleaning. According to her, the dress did not have any stains, but was dirty along the hem. The dress was made of smooth, shiny silk/satin, with rhinestones clustered at the bodice on the front and attached to the train on the back. Mrs. Laborde chose the Defendant because it was a specialist in cleaning heirloom wedding dresses, and other upscale clothing. The Defendant accepted the dress unconditionally.
When Mrs. Laborde returned for the dress, she discovered the satin smooth white gown was yellowish, the dress was torn in places, and the material was no longer satin smooth. Rhinestones were also missing from the front and back. When she complained, the Defendant replaced the rhinestones. He unsuccessfully attempted to repair the rest of the damage by using wet cleaning with Mrs. Laborde's consent. This is a process which is not normally used on this type of material. The Defendant did not charge for the cleaning, but refused to pay the Plaintiffs for the value of the dress.
Mrs. Laborde filed suit in May of 2001 to recover the value of the dress. Mr. Laborde and Adrienne Laborde were added later as Plaintiffs. Prior to trial on May 8, 2006, Adrienne Laborde was dismissed with prejudice. After the trial in May of 2006, a judgment was rendered in favor of the Plaintiffs. The trial judge found the Defendant had a duty of diligent care of a prudent administrator, the dress was damaged by the Defendant's negligence, *867 and Mrs. Laborde purchased the dress for $1,800. Noting that it had been worn only once, she depreciated the value of the gown by 30%, and awarded the Plaintiffs $1,200.
On appeal, the Defendant argues that the trial judge erred in denying the motion for new trial because the Plaintiffs are not the proper parties. It further asserts that the trial judge erred in finding the Plaintiffs met their burden of proof on liability and damages.
PARTIES
The Defendant contends that the Plaintiffs purchased the dress for their daughter, and consequently, Adrienne Laborde as the owner of the dress, is the proper party plaintiff to recover damages. Since Adrienne was dismissed from the lawsuit prior to trial, the Defendant contends that the trial judge should have dismissed the case. The trial judge concluded that the Plaintiffs are the proper parties since Mrs. Laborde testified that she paid for the dress from community funds. Thus, the Plaintiffs suffered the financial loss and are the parties with a real and actual interest in the outcome of this lawsuit. See: La.C.C. art. 681. We agree. The Plaintiffs are the proper parties under these circumstances.
LIABILITY
On appellate review, the court's function is to determine whether the findings of the trier-of-fact were clearly wrong or manifestly erroneous. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Himel v. State ex rel. Dept. of Transp. and Development, 04-274, p. 8 (La.App. 5th Cir.1/12/04), 887 So.2d 131, 137, writ denied, 04-2802 (La.3/18/05), 896 So.2d 999. Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Rosell, 549 So.2d at 844; Himel, 04-274 at p. 8, 887 So.2d at 137-138. The issue to be resolved by the reviewing court is not whether the factfinder was right or wrong, but whether its conclusion was a reasonable one. Stobart v. State, Through DOTD, 617 So.2d 880, 882 (La.1993); Himel, 04-274 at p. 8, 887 So.2d at 138; LeBlanc v. Baxter, 05-33 (La.App. 5th Cir.5/31/05), 905 So.2d 415, 426. Thus, where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart, 617 So.2d at 882; Himel, 04-274 at p. 8, 887 So.2d at 138. Only where the documents or objective evidence so contradict a witness's story, or the story itself is so internally inconsistent or implausible on its face that a reasonable factfinder would not credit the witness's story, may the court of appeal find manifest error, even in a finding purportedly based upon a credibility determination. Rosell, 549 So.2d at 844-45; Himel, 04-274 at p. 8, 887 So.2d at 138.
The Defendant argues that the Plaintiffs failed to prove it was at fault for the damages to the dress, and failed to prove that the dress fabric was not defective. It argues the Plaintiffs presented no evidence of the proper cleaning method, both Plaintiffs were unaware of any steps the Defendant could have taken to ensure the dress would be properly cared for while in the custody of the Defendant, and they did not have the dress examined by a dry cleaning expert, or tested to determine the cause of the damage.
Conversely, the Defendant points out that Todd Roser testified that the dry cleaning method was the proper and effective cleaning method for this dress, in the absence of label instructions. He stated the dress was cleaned in accordance with *868 the standards of the dry cleaning industry, and that defective fabric could cause a problem in the cleaning process.
The trial judge applied the general law of depository to the duty of the dry cleaning business in this case. La.C.C. arts. 2926-2940. The Civil Code articles on deposit were amended, effective January 1, 2004. Article 2926, in effect at the time of this incident, defines deposit as "an act by which a person receives the property of another, binding himself to preserve it and return it in kind."
Although there are only a few cases involving property damaged by a dry cleaning establishment, prior to the amendments, the depositary articles were held applicable to dry cleaners, as well as missing, stolen, damaged or destroyed merchandise, parking lots, garages and stolen or damaged automobiles. See: Holmgard v. First Nat. Bank of Commerce, 96-0853, p. 4 (La.App. 4th Cir. 1/15/97), 687 So.2d 583, 586, citing Rubin, M.H., "Bailment and Deposit in Louisiana," 35 La. L.Rev. 825, 845-850 (1975); Axelrod v. Wardrobe Cleaners, Inc., 289 So.2d 847, 850 (La.App. 4th Cir.1974); Addison v. St. Claude O.H.M., Inc., 299 So.2d 813, 814 (La.App. 4th 1974). The depositary must use the same diligence in preserving the deposit that he uses in preserving his own property. La.C.C. art. 2937.
In the comments following the 2004 revision of La.C.C. art. 2928, the commentator states that the deposit articles have been applied "without good reason" to contracts for services or repairs, and that those should be determined under the general law of obligations. See: Comment (b).
An obligation is a legal relationship whereby the obligor is bound to render a performance in favor of the obligee. Performance may consist of giving, doing, or not doing something. La.C.C. art. 1756. In this case, the parties had an oral agreement in which the Defendant accepted the gown from the Plaintiffs' for cleaning in exchange for monetary remuneration. As the obligor, the Defendant would be liable for the damages resulting from his nonperformance, defective performance, or delay in performance. See: La.C.C. art. 1994.
We need not determine whether to apply the law of deposits or obligations in this case. Under either the depository law, or under conventional obligations, we find that the trial judge did not err in finding liability.
Mr. Roser, claimed that when he saw the dress before it was cleaned, the gown had water or alcohol stains on the front. Mrs. Laborde denies that the dress was stained. Mr. Roser also asserts that he spoke with Mrs. Laborde on the telephone before cleaning the dress and told her that he had to use the dry cleaning method, because the dress did not have an instruction label. She also denied that claim, stating that she did not talk to him until after she retrieved the dress and discovered it was damaged. However, it was uncontested that he did not warn her that the cleaning process could harm the material, or provide her with alternative cleaning methods, or ask her to sign a release. Neither Plaintiff is a dry cleaning expert.
Although Mr. Roser agrees that the dress is not wearable, he believes that the fabric was defective. He claims he offered to send the dress to an independent laboratory to determine whether his cleaning methods caused the problem. Mrs. Laborde denied that he made the offer.
Mrs. Laborde chose the Defendant to clean the gown because it holds itself out as an expert in cleaning delicate clothing. The gown was soiled from normal use when taken to the Defendant, but was wearable. Even if the gown had stains, *869 the Defendant accepted the gown unconditionally, thereby implying that the gown would withstand the cleaning process. The dress is no longer in a condition to be worn. In light of the fact that the dress was handmade and had no label, the Defendant, an expert in the field, should have foreseen the possibility that the fabric could be defective, and warned Mrs. Laborde that the gown might be damaged in the cleaning process. Consequently, we find that the trial judge was not manifestly erroneous in finding the Defendant liable.
DAMAGES
The Defendant contends that the Plaintiffs failed to prove the purchase price of the gown because two of four documented installment payments were made by cash, as opposed to checks.
Mrs. Laborde testified that she personally paid for the gown in installments which are documented on the dressmaker's invoice. Two payments were by check. The other two were paid by cash. The total cost of the dress was $1,850. We find that the evidence was competent to prove the purchase price, and thus, the trial judge did not err in considering the cash payments reflected on the invoice in determining the purchase price.
DECREE
Accordingly, the judgment of the trial court is hereby affirmed. Costs of this appeal are to be paid by the Defendant.
AFFIRMED.