NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ROBERT JAMES DODD, *Appellant.*

No. 1 CA-CR 15-0565
FILED 8-18-2016

Appeal from the Superior Court in Mohave County
No. S8015CR201401326
The Honorable Steven F. Conn, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric K. Knobloch
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Jon W. Thompson joined.

---

D O W N I E, Judge:

¶1         Robert James Dodd appeals his convictions and sentences for two counts of aggravated assault, one count of unlawful flight, and three counts of criminal damage.  For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2         A grand jury indicted Dodd on two counts of aggravated assault of peace officer J.K., one count of unlawful flight, and three counts of criminal damage of property valued at $1,000 or more.  The evidence at trial, viewed in the light most favorable to sustaining the convictions,[1] established that at approximately 3:00 a.m. one morning in April 2014, Kingman Police Officer J.K. saw a vehicle traveling at a high rate of speed without headlights.  He alerted other officers in the area, who unsuccessfully attempted a traffic stop.  Three patrol cars with lights and sirens activated pursued the vehicle for five or six miles.  The driver drove into opposing traffic and failed to stop at red lights and stop signs.  At one point, the vehicle was traveling at 100 miles per hour.

¶3         After losing sight of the vehicle, Officer J.K. realized it was being driven "straight at" him, without headlights, and the driver "appeared to be trying to gain speed."  Officer J.K. moved his vehicle to the side of the road to avoid what he feared would be a head-on crash.  Officer J.K. testified: "Just before the vehicle struck my patrol unit head-on, approximately within 50 feet, he then turned into the eastbound lane of travel," but nevertheless hit the driver's side of the patrol car.  An accident investigator from the Mohave County Sheriff's Office testified that based on roadway markings, it appeared the vehicle was accelerating and did not brake before colliding with the patrol car.

¶4         The vehicle was found running, but unoccupied, in a residential yard after it had crashed through a fence and struck a vehicle in the yard.  Officer J.K. identified Dodd as the driver.  The parties stipulated

---

[1]         *State v. Boozer*, 221 Ariz. 601, 601, ¶ 2 (App. 2009).

that the damage to the patrol car totaled $1,738.42, and the damage to the other vehicle totaled $1,136.99.

**¶5** The jury convicted Dodd of the charged offenses and found that each of the three counts of criminal damage involved damages in the amount of $1,000 or more. The court sentenced Dodd to terms of imprisonment for each of the six counts, and Dodd filed a timely notice of appeal. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).

## DISCUSSION

### A. Sufficiency of Evidence

**¶6** Dodd contends the trial evidence did not establish that he "intentionally placed" Officer J.K. in reasonable apprehension of imminent physical injury, as required to support the convictions on counts 1 and 2. We review *de novo* the sufficiency of the evidence to support a conviction. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. at ¶ 16.

**¶7** The circumstantial evidence presented at trial was sufficient to establish that Dodd acted intentionally to place the officer in reasonable apprehension, as necessary to prove the underlying assault under A.R.S. § 13-1203(A)(2). "[A]bsent a person's outright admission regarding his state of mind, his mental state must necessarily be ascertained by inference from all relevant surrounding circumstances." *In re William G.*, 192 Ariz. 208, 213 (App. 1997). Viewing the evidence in the light most favorable to sustaining the verdicts, Dodd accelerated as he drove in the wrong lane of traffic directly toward the patrol car, failed to apply his brakes, and swerved only at the last minute. This evidence was sufficient to establish that Dodd intended to place Officer J.K. in reasonable apprehension of imminent physical injury.

## B.      Failure to Instruct on Disorderly Conduct

¶8            Dodd next argues the superior court fundamentally erred by failing to instruct the jury on disorderly conduct as a lesser included offense of aggravated assault as charged in count 1.[2]

¶9            As charged in count 1, aggravated assault requires proof that the defendant intended to place the victim, a peace officer, in reasonable apprehension of imminent physical injury, using a dangerous instrument, to wit, a motor vehicle.  *See* A.R.S. § 13-1203(A)(2) ("A person commits assault by . . . [i]ntentionally placing another person in reasonable apprehension of imminent physical injury."); A.R.S. § 13-1204(A)(2) (a person commits aggravated assault "[i]f the person uses a . . . dangerous instrument").  In pertinent part, disorderly conduct requires proof that the defendant "with intent to disturb the peace or quiet of a . . . person, or with knowledge of doing so, such person . . . [r]ecklessly handles . . . a . . . dangerous instrument."  A.R.S. § 13-2904(A)(6).  Disorderly conduct by recklessly handling a motor vehicle with intent to disturb the peace is a lesser included offense of aggravated assault as charged in count 1.  *See State v. Miranda*, 200 Ariz. 67, 68, ¶ 3 (2001); *State v. Angle*, 149 Ariz. 478, 479 (1986).

¶10           A trial court is required to instruct only on "necessarily included offenses."  *See State v. Wall*, 212 Ariz. 1, 3, ¶¶ 13–14 (2006); Ariz. R. Crim. P. 23.3 ("Forms of verdicts shall be submitted to the jury for all offenses necessarily included in the offense charged.").  "An offense is necessarily included when it is lesser included and the facts of the case as presented at trial are such that a jury could reasonably find that only the elements of a lesser offense have been proved."  *State v. Gipson*, 229 Ariz. 484, 486 n.2, ¶ 14 (2012).  "To determine whether there is sufficient evidence to require the giving of a lesser included offense instruction, the test is whether the jury could rationally fail to find the distinguishing element of

---

2       Although Dodd suggests count 2 should be reversed and remanded on this ground as well, his argument addresses only the elements of disorderly conduct under A.R.S. § 13-2904(A)(6), involving reckless handling of a dangerous instrument, as a lesser included offense of aggravated assault using a dangerous instrument, as charged in count 1.  He has thus waived any argument that the court should have instructed on disorderly conduct as a lesser included offense of count 2, which did not refer to or allege use of a dangerous instrument.  *See State v. Moody*, 208 Ariz. 424, 452 n.9, ¶ 101 (2004) (failure to present "significant arguments, supported by authority" in opening brief waives issue).

the greater offense." *State v. Jackson*, 186 Ariz. 20, 27 (1996). Here, no jury could have reasonably found that Dodd intended only to disturb the victim's peace by driving at a high rate of speed in the wrong lane of traffic directly at Officer J.K.'s patrol car, constantly accelerating, and only swerving at the last minute so as to cause a side-swipe crash (as opposed to a head-on collision).

¶11 Nor could reasonable jurors have found that only Officer J.K.'s peace was disturbed and that he was not placed in reasonable apprehension of imminent physical injury, as required to prove the greater offense. Officer J.K. testified that he believed Dodd was going to crash head-on into his patrol car, and he "could get hurt pretty seriously." No reasonable jury could have failed to find that the officer was placed in reasonable apprehension of imminent physical injury. *See State v. Lara*, 183 Ariz. 233, 235 (1995) (given defendant's "relentless and deadly" attack on the officer, "it is not possible that the jury could have found that [the officer] was only disturbed," and thus, no evidence supported a disorderly conduct instruction). Under these circumstances, the court did not fundamentally err by not *sua sponte* instructing on the lesser included offense of disorderly conduct.

## C. Double Jeopardy

¶12 Dodd contends the offense of aggravated assault of a peace officer charged in count 2 was a lesser included offense of the aggravated assault of a peace officer using a dangerous instrument charged in count 1, violating double jeopardy principles. We review double jeopardy claims *de novo*. *Lemke v. Rayes*, 213 Ariz. 232, 236–37, ¶ 10 (App. 2006). "To constitute a lesser-included offense, the offense must be composed solely of some but not all of the elements of the greater crime so that it is impossible to have committed the crime charged without having committed the lesser one." *State v. Celaya*, 135 Ariz. 248, 251 (1983). "[T]he test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). When applying the test, the court focuses "on the statutory elements of the two crimes charged, not on the factual proof that is offered or relied upon to secure a conviction." *State v. Cook*, 185 Ariz. 358, 361 (App. 1995).

¶13 Counts 1 and 2 each required proof of a fact that the other did not; therefore, count 2 was not a lesser included offense of count 1. Count 1 charged reasonable apprehension aggravated assault using a dangerous instrument, in violation of A.R.S. § 13-1204(A)(2), on a peace officer engaged in the execution of an official duty, pursuant to A.R.S. § 13-1204(E).

This offense has four elements: 1) the defendant placed another person in reasonable apprehension of imminent physical injury; 2) the defendant did so intentionally; 3) the defendant used a dangerous instrument; and 4) the other person was a peace officer engaged in the execution of any official duty. A.R.S. §§ 13-1204(A)(2), (E).

**¶14**      Count 2 charged reasonable apprehension aggravated assault of a peace officer, in violation of A.R.S. § 13-1204(A)(8)(a). This offense has three elements: 1) the defendant placed another person in reasonable apprehension of imminent physical injury; 2) the defendant did so intentionally; and 3) the defendant knew or had reason to know that the other person was a peace officer. A.R.S. § 13-1204(A)(8)(a). Count 1 required proof of use of a dangerous instrument (not required for count 2); count 2 required proof of Dodd's knowledge or reason to know the victim was a peace officer (not required for count 1). Count 2 accordingly was not a lesser included offense of count 1, and the convictions did not violate Dodd's double jeopardy rights.

### D.      Evidence of Damages

**¶15**      Dodd argues the evidence was insufficient to support the count 6 conviction for felony criminal damage because there was no evidence he damaged the fence "in an amount of one thousand dollars or more," as required by A.R.S. § 13-1602(B)(4).

**¶16**      The degree of damage in a criminal damage case "is determined by applying a rule of reasonableness to the particular fact situation presented." *State v. Brockell*, 187 Ariz. 226, 228 (App. 1996). Here, the homeowner testified she had not repaired the fence because "My husband died, and I just don't have the ability to do it right now." Although she could not quantify the exact cost of the fence repairs, she testified she had talked to her insurance agent, and because she had a $1,000 deductible, "I would have to at least pay the thousand to get it started." A photo of the downed chain-link fence was admitted into evidence, and a tenant explained that though the fence had been propped up, the gate "just kind of hangs there . . . it doesn't really close all the way." Although the homeowner agreed on cross-examination that the repairs might ultimately cost more or less than her deductible based on the totality of the trial evidence, jurors could reasonably conclude that repair or replacement of the fence would cost $1,000 or more. *See State v. Printz*, 125 Ariz. 300, 304 (1980) ("[W]hen determining value, the jury should be permitted to utilize its common sense."). Sufficient evidence supported the count 6 conviction for felony criminal damage.

## CONCLUSION

**¶17**  For the foregoing reasons, we affirm Dodd's convictions and sentences.



Amy M. Wood • Clerk of the court
FILED: AA