NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

STEPHEN GREGORY FERNANDEZ, *Petitioner*.

No. 1 CA-CR 15-0758 PRPC
FILED 8-24-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2011-161243-001
The Honorable M. Scott McCoy, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Susan L. Luder
*Counsel for Respondent*

Maricopa County Office of the Legal Advocate, Phoenix
By Kerri L. Chamberlin
*Counsel for Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the court, in which Judge Michael J. Brown and Judge Jennifer B. Campbell joined.

J O H N S E N, Judge:

¶1            Stephen Gregory Fernandez petitions for review of the partial denial of his petition for post-conviction relief.  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2            Fernandez pled guilty to one count of criminal damage, a Class 6 felony.  The charge stemmed from an incident in which Fernandez damaged four laptop computers on display in a retail store.  The superior court sentenced Fernandez in accordance with the terms of the plea agreement to a presumptive one-year prison term and ordered that he pay $1,576.11 in restitution to the victim.

¶3            Fernandez filed a timely petition for post-conviction relief challenging the restitution order.  He argued that the restitution award was illegal because the $1,576.11 included both sales tax and retail mark-up over the actual wholesale price the victim had paid for the laptops.  He also argued his trial counsel was ineffective by failing to object on those grounds to the restitution order.

¶4            The State conceded error as to the sales tax, and the superior court granted relief as to that amount, reducing the restitution award to $1,442.00.  In denying relief with respect to the retail mark-up, the court ruled that $1,442.00 in restitution was appropriate because it made the victim whole for the new laptops it had to remove from its sales inventory to put on display to replace the computers Fernandez damaged.  This petition for review followed.  We review a superior court's ruling on a petition for post-conviction relief for abuse of discretion.  *State v. Pandeli*, 242 Ariz. 175, ___, ¶ 4 (2017).

¶5            The superior court is obligated to order a defendant to make restitution to the victim of a criminal offense.  Ariz. Rev. Stat. ("A.R.S.") §

13-603(C) (2017); *see also* Ariz. Const. art. II, § 2.1(A)(8).[1]  The court "has discretion to set the restitution amount according to the facts of the case in order to make the victim whole." *In re Ryan A.*, 202 Ariz. 19, 24, ¶ 20 (App. 2002); *see also* A.R.S. § 13-804(B) (2017) ("In ordering restitution for economic loss . . . , the court shall consider all losses caused by the criminal offense . . . ."). A victim is not entitled to receive restitution for consequential damages, only for direct economic loss caused by the offense. *State v. Morris*, 173 Ariz. 14, 17 (App. 1992).  Economic loss is defined as "any loss incurred by a person as a result of the commission of an offense," including "lost interest, lost earnings and other losses that would not have been incurred but for the offense." A.R.S. § 13-105(16) (2017). "We will uphold a restitution award if it bears a reasonable relationship to the victim's loss." *State v. Madrid*, 207 Ariz. 296, 298, ¶ 5 (App. 2004).

¶6        "[T]he State has the burden of establishing the amount of damages and demonstrating what method it used to calculate the amount." *State v. Brockell*, 187 Ariz. 226, 229 (App. 1996) (citation omitted). Generally, "the fair market value of the victim's property at the time of the loss will realistically reflect the actual loss." *State v. Ellis*, 172 Ariz. 549, 551 (App. 1992); *see also Brockell*, 187 Ariz. at 228 ("As to personal property, when it is damaged beyond repair, the usual measure of damage is market value less any salvage value."). Here, the State presented evidence of the fair market value of the replacement laptops the victim had to take from its inventory to replace those that Fernandez destroyed.

¶7        Fernandez contends the retail markup over the wholesale price of the laptops is akin to a speculative profit, which he argues cannot be included in a restitution award. *See State v. Barrett*, 177 Ariz. 46, 49 (App. 1993) ("[S]imply adding a profit margin to the cost of lost inventory would be too speculative to be a measure of restitution.") (quotation omitted). But lost profits are not necessarily prohibited consequential damages for purposes of restitution if they are properly supported by evidence. *State v. Young*, 173 Ariz. 287, 288 (App. 1992). In contrast to the indefinite evidence of a profit of "$1,500 to $2,000" disallowed in *Barrett*, *see* 177 Ariz. at 47, the retail prices of the replacement laptops here constituted specific evidence of the fair market value of the loss Fernandez directly caused the victim. On this record, the superior court did not err in calculating the restitution award because the fair market value of the replacement laptops "bears a reasonable relationship to the victim's loss." *Madrid*, 207 Ariz. at 298, ¶ 5. Thus, the superior court did not abuse its discretion in limiting the relief

---

[1]        We cite the current version of applicable statutes when no revision material to this case has occurred.

granted in the post-conviction relief proceeding to subtracting the sales tax from the original restitution amount.

¶8        For the foregoing reasons, we grant review, but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA