NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

KELLY JO RAMER, (f.k.a. KRYZER) *Plaintiff/Appellant*,

*v.*

LADONNA CATES, *Defendant/Appellee*.

No. 1 CA-CV 22-0631
FILED 5-18-2023

---

Appeal from the Superior Court in Mohave County
No. S8015CV202200029
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

---

COUNSEL

Kelly Jo Ramer, Ettrick, WI
*Plaintiff/Appellant*

LaDonna Cates, Kingman, AZ
*Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge D. Steven Williams joined.

---

**P A T O N**, Judge:

¶1　　　　Kelly Jo Ramer appeals the superior court's entry of judgment against LaDonna Cates in the amount of $5,000 for breach of contract, arguing that the superior court ought to have awarded additional damages. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2　　　　We view the facts in the light most favorable to affirming the superior court's judgment. *Hammoudeh v. Jada*, 222 Ariz. 570, 571, ¶ 2 (App. 2009). Ramer sold her home in Kingman to Cates, and the parties executed a post-possession agreement allowing Ramer to continue storing her personal property at the home until 5:00 p.m. on July 6, 2021. The contract provided that Ramer would pay $100 for each additional day of occupancy beyond July 6, but did not permit Cates to remove Ramer's personal property without forcible entry and detainer proceedings.

¶3　　　　Ramer did not remove her personal property by the agreed-upon date, and on July 10, Cates removed the property from the home and placed it on the curb outside. It rained in Kingman shortly thereafter and the property was damaged. Ramer eventually moved her property to a storage unit.

¶4　　　　The superior court found Cates breached the contract by moving Ramer's property outside of the home and awarded Ramer $5,000 in damages. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") Sections 12-2101(A)(1) and 12-120.21(A)(1).

## DISCUSSION

¶5　　　　Ramer argues the superior court erred by only awarding her $5,000 in damages. Specifically, she argues she should have been compensated for both the additional damage to her personal property she discovered after the trial and emotional damages. She also argues that the court incorrectly weighed the evidence to calculate her damages.

¶6　　　　We will affirm the superior court's computation of damages if any reasonable evidence in the record supports the ultimate facts underlying the amount. *Gonzales v. City of Phoenix*, 203 Ariz. 152, 153, ¶ 2 (2002). The superior court has "wide latitude" in determining the value of damaged goods, and may consider the cost of the property, how long the property was used, its condition when damaged, and "any other factors

that will assist in assessing the value to the owner at the time of the loss or injury." *Devine v. Buckler*, 124 Ariz. 286, 287 (App. 1979). In its order, the court noted that Ramer failed to present sufficient evidence to prove the damage amounted to her requested amount of $37,000, "or anything close to it[]" and determined the $5,000 amount was reasonable based on the evidence presented. Ramer did not provide a transcript of the bench trial; thus, we must assume that the proceedings below support the superior court's judgment. *See Kohler v. Kohler*, 211 Ariz. 106, 108, n.1 (App. 2005); ARCAP 11(b) (requiring that parties order transcripts they desire to be included in the record on appeal).

**¶7**　　　　Ramer disputes the superior court's damages computation and argues for the inclusion of emotional distress damages. She cites to the photographs and list of damaged items she provided to the superior court and argues that she was entitled to additional compensation. She does not, however, provide any evidence suggesting an erroneous valuation of any particular item or group of items or that the amount awarded was insufficient to compensate for the damage. In the absence of a clear abuse of discretion, we will not substitute our judgment for the superior court.

## CONCLUSION

**¶8**　　　　We affirm.



AMY M. WOOD • Clerk of the Court
FILED:　AA